IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BRENT A. ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 15-2206-JDT-tmp |
| | ) | |
| WORKERS' COMPENSATION/ | ) | |
| ROWAN LAW FIRM, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND DIRECTING PLAINTIFF TO PAY THE $400 CIVIL FILING FEE

On March 23, 2015, Plaintiff, Brent A. Rowan, booking number 15102052, a pretrial detainee at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Defendants are identified as Workers' Compensation/Rowan Law Firm, the City of Memphis, (Inmates), Jail Staff, the United States Department of Justice, the United States Department of Education, the United States Department of Defense (2M5), Renshaw Property Management/Hampton Inn. (ECF No. 1 at 2.)

Under PLRA, a prisoner bringing a civil action must pay the full filing fee required by 28 U.S.C. § 1914(a).[1] The statute merely provides the prisoner the opportunity to make a

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." Effective May 1, 2013, the Judicial Conference prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because the Court is denying leave to proceed *in forma pauperis* in this case, Plaintiff is liable for the entire $400 fee.

"downpayment" of a partial filing fee and pay the remainder in installments. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).[2]

However, not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).

Plaintiff has filed three previous civil rights lawsuits while he was incarcerated that were dismissed for failure to state a claim or as frivolous.[3] Therefore, Plaintiff may not proceed *in forma*

---

[2] Plaintiff has neither paid the civil filing fee nor filed a motion for leave to proceed *in forma pauperis*. Although the Court ordinarily would direct Plaintiff to file the documents required by the PLRA, it is unnecessary to do so in this case because Plaintiff is not entitled to proceed *in forma pauperis* in this matter for the reasons stated below.

[3] Plaintiff has filed a total of 46 lawsuits in this district, most of which were commenced while he was not a prisoner. Service of process has not been ordered in any of Plaintiff's suits. Plaintiff incurred "strikes" under 28 U.S.C. § 1915(g) for *Rowan v. Pizza Hut*, No. 2:10-cv-02658-JDT-dkv (W.D. Tenn. Sept. 2, 2011) (dismissed for failure to state a claim), *Rowan v. Currie*, No. 2:12-cv-02264-JDT-dkv (W.D. Tenn. Nov. 26, 2012) (dismissed for failure to state a

*pauperis* in any civil action filed while he is incarcerated unless he demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

The factual allegations of the complaint are difficult to decipher, partially because Plaintiff's handwriting is sometimes unclear and partially because of Plaintiff's idiosyncratic language usage. The complaint alleges that, on March 14, 2015, Plaintiff was "backlashed and slurred" by a fellow inmate who is housed in cell 5 on pod 2H2. (ECF No. 1 at 2.) A black female pod officer said that she would not respond to any inquiries from Plaintiff. Plaintiff alleges that the officer's "rhetoric is ex parte" and should be reviewed by the major and sergeant on duty. (*Id.*) Plaintiff wants a grievance form so that he can explain why the officer should be discharged form employment "which begins with a phone call from pod 2H2." (*Id.*) Plaintiff also alleges that another inmate, who is housed in cell 1, "is a white male that I will not receive statements because of retaliation." (*Id.*) "Officer Snowden whiplashed [Plaintiff] by not giving [him] a shower on her shift [as] requested by Lt. Benn." (*Id.*)

The prayer for relief refers to identity theft, stolen briefs, and a class action lawsuit to protect Plaintiff's identity during his incarceration. (*Id.* at 3.) Plaintiff also seeks "forms from a pod to be reviewed by an investigator about [his] claim of harassment, vexation and negligence by individuals

---

claim), and *Rowan v. City of Memphis*, No. 2:12-cv-02707-JDT-cgc (W.D. Tenn. Feb. 7, 2013) (dismissed for failure to state a claim).

3

who should be unemployed because of missing pamphlets requested from LSAC since 2003." (*Id.*)[4] Plaintiff also asks the Clerk to "file envelopes from counselors and paralegals since 1-21-2015." (*Id.*)[5]

Plaintiff has "failed to plead facts supporting a finding of imminent danger on the date that he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492-93 (6th Cir. 2012). Because this complaint does not come within the exception to 28 U.S.C. § 1915(g), the Court cannot consider it on the merits unless Plaintiff first tenders the civil filing fee. Therefore, Plaintiff's application to proceed *in forma pauperis* is DENIED pursuant to 28 U.S.C. § 1915(g).

Plaintiff is ORDERED to remit the entire $400 civil filing fee within twenty-eight (28) days after the date of this order. Failure to do so will result in the dismissal of this action for failure to prosecute, *Alea*, 286 F.3d at 381-82, and assessment of the civil filing fee in a lump sum.
IT IS SO ORDERED.

          s/ **James D. Todd**
          JAMES D. TODD
          UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff is referring to the Law School Admission Council ("LSAC"). Several of Plaintiff's prior suits address his efforts to be admitted to law school.

[5] Attached to the complaint is a letter from Plaintiff to "FHEO" in which Plaintiff claims that he was discriminated against because of his disability at Baptist Hospital and asks for help in retaining counsel for another lawsuit that he plans to file. (ECF No. 1 at 4.) Because this letter is unrelated to the instant case, it will be disregarded.